**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| AMTRUST INTERNATIONAL UNDERWRITERS, LIMITED,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD J. FINDLAY and DONNA SUE FINDLAY, individually and as Trustees, CLIFF FINDLAY AND DONNA S. FINDLAY FAMILY TRUST, DATED FEBRUARY 20, 1986; FINDLAY MANAGEMENT GROUP; FINDLAY-NOLTE AUTOMOTIVE, LLC; CLIFF FINDLAY AUTOMOTIVE, LLC; FINDLAY AUTO HOLDINGS, LLC; CLIFF FINDLAY AUTO CENTER; TYLER CORDER; and WINDMILL FARMS, INC.,<br><br>Defendants. | 2:18-CV-00652-JCM-VCF<br>**<u>ORDER</u>**<br><br>MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE (SECOND REQUEST) [ECF NO. 66] |

Before the Court is defendants and counterclaimants Clifford J. Findlay, Donna Sue Findlay, Cliff Findlay and Donna S. Findlay Family Trust, Dated February 20, 1986; Findlay Management Group; Findlay-Nolte Automotive, LLC; Cliff Findlay Automotive, LLC; Findlay Auto Holdings, LLC; Cliff Findlay Auto Center; and Tyler Corder's motion to extend the dispositive motion deadline (second request). (ECF No. 66). For the reasons discussed below, this Court grants the motion.

**BACKGROUND**

On February 22, 2019, this Court entered a stipulation and order to extend discovery. (ECF No. 58). On April 9, 2019, plaintiff and counter-defendant AmTrust International Underwriters, Limited filed

a second request to extend discovery deadlines. (ECF No. 59). AmTrust did not propose that this Court move the dispositive motion deadline. (*Id.* at 4). This Court has previously ordered that dispositive motions were due August 2, 2019. (ECF 58 at 3). This Court denied AmTrust's request to extend discovery but allowed AmTrust to depose a Findlay witness after the discovery cutoff. (ECF No. 64). This Court also ordered that the new dispositive motions deadline would be July 29, 2019. (*Id.*)

On July 29, 2019, AmTrust filed its motion for summary judgment. (ECF No. 65). On August 2, 2019, the Findlay parties filed the instant motion to extend time and its motion for summary judgment. (ECF Nos. 66 and 67). The parties have fully briefed the motion to extend time. (ECF Nos. 68 and 70). The Findlay parties argue that they mistakenly believed the dispositive motion deadline was still August 2, 2019 due to a calendaring oversight. (ECF No. 70 at 2). The Findlay parties argue that their failure to meet the deadline constitutes excusable neglect. (*Id.*) AmTrust argues in opposition that it would be prejudiced because the Findlay parties' untimely filing disturbs the briefing schedule set forth in Local Rule 7-2(b), which would give the Findlay parties the unfair advantage of seeing AmTrust's briefs first. (ECF No. 68 at 6).

**ANALYSIS**

A court may, for good cause, extend the time on a motion made after the time has expired if the party failed to act because of excusable neglect. Federal Rule of Civil Procedure 6(b)(1)(B). It is settled that the federal rules should be liberally construed to effectuate the general purpose that courts decide cases on the merits. *Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1259 (9th Cir. 2010), citing to *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983). A motion to extend deadlines in the court's scheduling order must be supported by a showing of good cause for the extension. FRCP 16(b)(4) and LR 26-4. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. LR 26-4. A request made after the

expiration of the deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. (*Id.*)

To determine whether a party's failure to meet a deadline constitutes excusable neglect, courts apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. See *Pioneer Inv. Servs. Co. v. Brunswick Hotel & Casino*, 116 F.3d 379, 395 (1993).

The Findlay parties have demonstrated good cause as required by Rule 6(b)(1). The Findlay parties' claim that the calendar error reflected this Court's previous order that all dispositive motions were due on August 2, 2019 is supported by the record. All four *Pioneer* factors favor the Findlay parties. The four-day delay does not impact proceedings as the Court has not set a hearing on the summary judgment motion or a trial date. The Findlay parties' reason for delay, that they mistakenly believed that the previous dispositive deadline was still in effect given that neither party had requested that the Court change the deadline, establishes excusable neglect. The Findlay parties filed their motion for summary judgment on August 2, 2019, consistent with their mistaken belief that the dispositive motion deadline was still August 2, 2019. The Findlay parties' reliance on the calendaring mistake does not appear to be a bad-faith, post-hoc rationalization concocted to secure additional time.

There is no danger of prejudice to the opposing party: "seeing a brief first" is not an unfair advantage. Were this Court to rule otherwise, it would discourage parties from filing briefing early and promote the practice of filing dispositive motions at the eleventh hour on the day it is due. The Findlay parties promised, unprompted, that they would file their opposition to AmTrust's motion for summary judgment early, on August 6, 2019, to ensure that all the issues could be heard at the same time. (ECF No. 66 at 5). The Findlay parties kept their word and filed their opposition to AmTrust's motion for summary

1 judgment on August 6, 2019. (ECF No. 69). The Findlay parties have demonstrated that their failure to act was the result of excusable neglect.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that the Findlay parties' motion to extend the dispositive motion deadline to August 2, 2019 (second request) (ECF No. 66) is GRANTED.

IT IS FURTHER ORDERED that the following deadlines will apply for the remainder of the summary judgment briefing:

1. Any response to the Findlay parties' motion for summary judgment is due September 10, 2019; and

2. All replies in support of the pending motions for summary judgment are due on September 24, 2019.

DATED this 20th day of August 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE